UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Bradley Paige Kenerson,
        Claimant

        v.                              Case No. 10-cv-161-SM
                                        Opinion No. 2011 DNH 074
Michael J. Astrue, Commissioner,
Social Security Administration,
        Respondent

**O R D E R**

Pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), Claimant, Bradley Paige Kenerson, moves to reverse the Commissioner's decision denying his application for Social Security Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423, and Supplemental Security Income Benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383c. The Commissioner objects and moves for an order affirming his decision.

**Factual Background**

I.   Procedural History

On February 6, 2008, claimant filed an application for disability insurance benefits under Title II of the Act, as well as Supplemental Security Income benefits under Title XVI, alleging that he had been unable to work since December 21, 2005. He asserts eligibility for benefits on the basis of physical and

mental disabilities.  His application was denied and he requested
an administrative hearing before an Administrative Law Judge
("ALJ").

On November 13, 2009, claimant and an impartial vocational
expert appeared before an ALJ, who considered claimant's
application de novo.  Claimant was represented by counsel at the
hearing.  Eleven days later, on November 24, 2009, the ALJ issued
his written decision, concluding that claimant retained the
residual functional capacity to perform the full range of work at
all exertional levels, subject to limitations relating to an
anxiety condition.  Accordingly, the ALJ concluded that claimant
was not disabled, as that term is defined in the Act, from
December 21, 2005, through the date of the ALJ's decision.

Claimant was informed that the Decision Review Board had
selected the ALJ's decision for review.  On March 5, 2010, the
Decision Review Board informed claimant that it had not completed
its review within the time allowed.  Accordingly, the ALJ's
denial of claimant's application for benefits became the final
decision of the Commissioner, subject to judicial review.

Subsequently, claimant filed a timely action in this court,
asserting that the ALJ's decision was not supported by

substantial evidence and seeking a judicial determination that he is disabled within the meaning of the Act or, in the alternative, seeking a remand for further administrative review.  Claimant then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 9).  In response, the Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 13).  Those motions are pending.


II.   Stipulated and Supplemental Facts

Pursuant to this court's Local Rule 9.1(d), the parties submitted a statement of stipulated facts which, because it is part of the court's record (document no. 14), need not be fully recounted in this opinion.  Those facts relevant to this disposition are addressed as necessary.


**Standard of Review**

I.   Properly Supported Findings by the ALJ are Entitled to Deference

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings of the Commissioner are

conclusive if supported by substantial evidence.[1]  See 42 U.S.C. §§ 405(g); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991).  Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position.  See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").  See also Rodriquez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981) ("We must uphold the [Commissioner's] findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

    In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence.  See Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984)

---

    [1]  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.  Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

(citing <u>Sitar v. Schweiker</u>, 671 F.2d 19, 22 (1st Cir. 1982)).  It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts."  <u>Irlanda Ortiz</u>, 955 F.2d at 769 (citation omitted).  Accordingly, the court will give deference to the ALJ's credibility determinations, particularly when those determinations are supported by specific findings.  <u>See</u> <u>Frustaglia v. Secretary of Health & Human Services</u>, 829 F.2d 192, 195 (1st Cir. 1987) (citing <u>Da Rosa v. Secretary of Health & Human Services</u>, 803 F.2d 24, 26 (1st Cir. 1986)).


II.  <u>The Parties' Respective Burdens</u>

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act places a heavy initial burden on claimant to establish the existence of a disabling impairment. <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987); <u>Santiago v. Secretary of Health & Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, claimant must prove that his

impairment prevents him from performing his former type of work.
See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing
Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 7
(1st Cir. 1982)).  Nevertheless, claimant is not required to
establish a doubt-free claim.  The initial burden is satisfied by
the usual civil standard: a "preponderance of the evidence."  See
Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

    If claimant demonstrates an inability to perform his
previous work, the burden shifts to the Commissioner to show that
there are other jobs in the national economy that he can perform.
See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1,
2 (1st Cir. 1982).  See also 20 C.F.R. §§ 404.1512(g).  If the
Commissioner shows the existence of other jobs that claimant can
perform, then the overall burden to demonstrate disability
remains with claimant.  See Hernandez v. Weinberger, 493 F.2d
1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698,
701 (D.N.H. 1982).

    In assessing a disability claim, the Commissioner considers
both objective and subjective factors, including: (1) objective
medical facts; (2) claimant's subjective claims of pain and
disability, as supported by the testimony of claimant or other
witnesses; and (3) claimant's educational background, age, and

work experience.  <u>See, e.g.</u>, <u>Avery v. Secretary of Health & Human

Services</u>, 797 F.2d 19, 23 (1st Cir. 1986); <u>Goodermote</u>, 690 F.2d

at 6.  When determining whether a claimant is disabled, the ALJ

is also required to make the following five inquiries:

> (1)   whether claimant is engaged in substantial
>        gainful activity;
>
> (2)   whether claimant has a severe impairment;
>
> (3)   whether the impairment meets or equals a
>        listed impairment;
>
> (4)   whether the impairment prevents claimant from
>        performing past relevant work; and
>
> (5)   whether the impairment prevents claimant from
>        doing any other work.

20 C.F.R. § 404.1520.  Ultimately, a claimant is disabled only if

his:

> physical or mental impairment or impairments are of
> such severity that he is not only unable to do his
> previous work but cannot, considering his age,
> education, and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or
> whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

## Discussion

I.   <u>Background - The ALJ's Findings</u>

In concluding that Mr. Kenerson was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920.   Accordingly, he first determined that claimant had not been engaged in substantial gainful employment since his alleged onset of disability.   Next, he concluded that claimant has the severe impairments of an anxiety disorder and a panic disorder.   Administrative Record ("Admin. Rec.") 9. Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1.   Admin. Rec. 10.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels except that he must avoid working in locations that would trigger his symptoms of anxiety such as

8

heights and dangerous hazards."  Admin. Rec. 11.  The ALJ
concluded, therefore, that claimant was not capable of performing
his past relevant work as a heavy demolition equipment machine
operator.  Admin. Rec. 12.

Finally, the ALJ considered whether there were any jobs in
the national economy that claimant might perform.  Relying upon
the testimony of a vocational expert as well as his own review of
the medical record, the ALJ concluded that, notwithstanding
claimant's limitations, "there are jobs that exist in significant
numbers in the national economy that the claimant can perform,"
such as cleaner/janitor, warehouse worker, handpacker, and
delivery driver, among others.  Admin. Rec. 13.

Consequently, the ALJ concluded that claimant was not
"disabled," as that term is defined in the Act, through the date
of his decision.  Admin. Rec. 14.

II.  <u>The Claimant's Treating Source Opinion Evidence</u>

Claimant argues for reversal of the Commissioner's final
decision on several grounds, including that the ALJ breached his

duty to explain the weight he gave the opinions of claimant's treating psychiatrist, Dr. Fallon.[2]

The ALJ's duty to consider "all evidence," 20 C.F.R. § 404.1520(a)(3), does not invariably require discussion of all relevant evidence. <u>Spinale v. Barnhart</u>, Case No. Civ. 03-069, 2004 WL 45518, at *5 (D.N.H. Jan. 5, 2004) ("[A]n ALJ's written decision need not directly address every piece of evidence in the administrative record.") (citing <u>Shaw v. Secretary of Health and Human Services</u>, 25 F.3d 1037 (Table), 1994 WL 251000, at *5 (1st Cir. June 9, 1994)).  But an exception applies to "medical opinions" given by a claimant's treating providers.  <u>See</u> 20 C.F.R. § 404.1527 (d)(2).[3]  When presented with such opinions, the ALJ is obligated by regulation to undertake a specific analytical protocol and explain in writing the weight accorded

_____

   [2] Because claimant's argument regarding Dr. Fallon's medical opinions has merit, and because the case is remanded, the court does not reach claimant's similar argument with respect to Drs. Thomas and Logan, each of whom provided opinions about the claimant's allegedly debilitating headaches.  The court notes, however, that the regulations' requirement — that the ALJ explain the weight accorded treating source medical opinions and the reasons why — applies to all treating source medical opinions. <u>See</u> § 1527(d)(2).

   [3] A treating source is the claimant's "own physician, psychologist, or other acceptable medical source" who has provided the claimant with treatment or evaluation in an "ongoing treatment relationship."  20 C.F.R. § 404.1502.  "Medical opinions are statements . . . that reflect judgments about the nature and severity of [the claimant's] impairment(s)."  20 C.F.R. § 404.1527(a)(2).

such evidence and the reasons why.  20 C.F.R. § 404.1527(d)(2).

Specifically,

> An ALJ must give the opinion of a treating source
> controlling weight if he finds the opinion "well-
> supported by medically acceptable clinical and
> laboratory diagnostic techniques" and "not inconsistent
> with the other substantial evidence in [the] case
> record." [20 C.F.R. § 404.1527(d)(2)].  If the opinion
> of a treating source is not accorded controlling
> weight, an ALJ must apply certain factors-namely, the
> length of the treatment relationship and the frequency
> of examination, the nature and extent of the treatment
> relationship, supportability of the opinion,
> consistency of the opinion with the record as a whole,
> and the specialization of the treating source-in
> determining what weight to give the opinion.  Id.
>
> . . . [T]he regulation also contains a clear procedural
> requirement: "We will always give good reasons in our
> notice of determination or decision for the weight we
> give [the claimant's] treating source's opinion."  Id.

Wilson v. Comm. of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).[4]

Giving "good reasons" means providing "specific reasons"

that will allow "subsequent reviewers [to know] . . . the weight

the adjudicator gave to the treating source's medical opinion and

the reasons for that weight."  SSR 96-2P, 1996 WL 374188, at *5

(1996).  Accordingly, where no such "specific reasons" are given,

remand is appropriate if the failure renders meaningful review

---

[4]  The standards embodied in the regulation are sometimes
referred to as the "treating physician rule."  See e.g., Foley v.
Astrue, Case No. 09-10864-RGS, 2010 WL 2507773, at *8 (D. Mass.
June 17, 2010).

impossible.[5]  See Lord v. Apfel, 114 F. Supp. 2d 3, 14 (D.N.H.
2000).  In Lord, the ALJ "did not address" the treating
physician's "evaluation of [the claimant's] . . . functional
limitations."  Id.  On that record, the court could not
"determine whether [the ALJ] . . . properly weighed that evidence
in light of the applicable factors listed in the SSA
regulations."  Id.  Finding it "impossible to determine whether
. . . [the medical opinion] evidence was considered and
implicitly discredited or instead was simply overlooked," the
court remanded for further proceedings.  Id. at 15.  See also
Smith v. Barnhart, Case No. Civ. 02-081-M, 2003 WL 1191401, at *7
(D.N.H. March 12, 2003) (remanding for further consideration
where "the ALJ did not account for several of the limitations
from which [claimant's treating physician] . . . believes
claimant suffers and failed to adequately explain the basis for

---

        [5]  There is no clear consensus among courts as to whether an
ALJ's failure to discuss treating source medical opinions
requires remand even where substantial evidence supports the
ALJ's decision.  Compare Wilson, 378 F.3d at 544 (where ALJ's
violation of regulation requiring ALJ to "give good reasons for
not giving weight to" the medical opinion of a treating physician
was not de minimus, reversal was required "[a]lthough substantial
evidence otherwise support[ed] the decision of the
Commissioner"), with Miller v. Barnhart, Case No. 05-15720, 2006
WL 1490162, at *4 (11th Cir. May 31, 2006) (an ALJ's failure to
comply with regulatory requirement that he "'give good reasons'
for not giving weight to a treating physician's opinion," may be
excusable as "harmless error").  That issue need not be addressed
here because remand is warranted in any event on grounds that
meaningful review is foreclosed by the ALJ's failure.

his (implicit) decision not to give controlling weight to those medical opinions").

"Medical opinions" for which the ALJ must provide adequate discussion include not only treating physician statements about the claimant's physical limitations, but also treating psychiatrist statements of "mental restrictions" and "symptoms, diagnosis and prognosis."  20 C.F.R. § 404.1527(a)(2).

Here, the ALJ found claimant limited mentally only due to his anxiety regarding "heights and dangerous hazards," Admin. Rec. 11, but Dr. Fallon's medical opinions — diagnoses and findings relating to claimant's mental limitations and symptoms — arguably support a finding of broader and more significant limitations.  See Lord, 114 F. Supp. 2d at 14 (in light of ALJ's failure to discuss treating source medical opinions, court remanded where "[a]t least some of [that] . . . evidence is relevant to (and arguably supports) Lord's claim.").  Dr. Fallon's medical opinions include the following findings:

> 1.   "Limitations on . . . persistence/pace: claimant
> demonstrates . . . difficulty with changes in routine
> resulting in anxiety and panic attacks, would have
> difficulty with attendance . . ." (November 2009

13

"Attending Physician's Statement of Disability"),
Admin. Rec. 159;[6]

2.   "Social Interactions: Very limited . . . Stress
Reaction: does react to stress excessively in the wake
of his history of trauma."  (June 2008 "Disability
Determination Services, Mental Impairment
Questionnaire"), Admin. Rec. 433;

3.   Claimant "continues to have quite significant
symptoms due to Posttraumatic Stress Disorder, which
are exacerbated by life circumstances."  (October 2008
Treatment Notes), Admin. Rec. 511;

4.   Claimant has "significant anxiety about ordinary
tasks."  (March 2008 Treatment Notes), Admin. Rec. 287.


The ALJ did not provide any "reasons for the weight," SSR

96-2P, 1996 WL 374188, at *5 (1996), he gave to these medical

opinions.  In fact, the ALJ was silent as to what weight he

assigned them.  And the weight accorded cannot be derived

implicitly from the ALJ's written decision.  For example, the

---

[6]  Dr. Fallon's medical opinion of November 2009 regarding
limitations in changes in routine and attendance contrasts with
the state agency consultant's opinion (to which the ALJ gave
"substantial weight") that claimant "is able to persist to task
throughout a normal work day and work week . . . He retains the
ability to accommodate to routine change in a familiar setting."
Admin. Rec. 468.  The differences between these two opinions may
be material to the outcome in this case because the ALJ's
hypothetical to the Vocational Expert (in response to which the
VE stated that jobs are available) paralleled the state agency
consultant's findings: "I want you to assume that he . . . can
maintain a schedule and persist to task on that schedule and he
would be able to do that throughout a normal workday and a work
week . . . [and] he does retain the ability to accommodate
routine changes in a familiar setting."  (Hrg. Tr. pgs. 19-20),
Admin. Rec. 37-38.

decision credits the "objective" findings contained in Dr.
Fallon's March 2008 treatment notes (<u>i.e.</u>, findings relating to
claimant's "mental status examination"), Admin. Rec. 11, but does
not mention the medical opinion, contained in those same notes,
that claimant "has significant anxiety about ordinary tasks."
Admin. Rec. 287.  The decision, therefore, leaves no clear
impression of what weight has been assigned to that treating
source material as a whole, or the medical opinions contained in
them.[7]  The only discernable weight assignment in the ALJ's
decision is the "substantial weight" accorded the opinion of the
non-examining state agency consultant.  Of course, it may be that
an agency consultant's opinion deserves substantial weight, while
the treating source opinions deserve little or none; but that
determination requires an explanation.  See <u>Smith</u>, 2003 WL
1191401, at *7 ("[T]he ALJ is entitled to reject Dr. Lavallee's
opinions or accept them only in part.  If he does so, however, he
should discuss the reasons for ascribing less than 'controlling
weight' to those opinions.")

    Because on this record it is "impossible to determine
whether . . . [the medical opinion] evidence was considered and

---

    [7]  As the defendant concedes, Doc. No. 13-1, pgs. 9-10,
although an ALJ need not adopt all or any part of a particular
provider's report, he must state his reasons for adopting only a
portion of it.  <u>See</u> <u>Rawson v. Astrue</u>, Case No. 09-469-BW, 2010 WL
2923902, at *2 (D. Me. July 19, 2010).  That was not done here.

implicitly discredited or instead was simply overlooked," <u>Lord</u>, 114 F. Supp. 2d at 14, the court is unable to meaningfully review the ALJ's decision.  <u>See</u> <u>id</u>. at 15-16; <u>see also</u> <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003) ("[T]he ALJ offered no explanation for the weight, if any, he gave to the opinion of Dr. Rowland, the treating physician.  We must remand because we cannot properly review the ALJ's decision without these necessary findings.") (citations and internal punctuation omitted).  Accordingly, this case is remanded to the ALJ to obtain the required discussion and determination with respect to Dr. Fallon's treating source medical opinions, consistent with the mandate set out in 20 C.F.R. § 404.1527(d)(2).[8]

---

[8]   The ALJ also failed to comply with the requirement that he "explain the consideration," SSR 96-5p, 1996 WL 374183, at *6, he gave to claimant's treating source opinions that claimant is "disabled" and "unable to work."  Although such opinions are never entitled to controlling weight because they are opinions "on issues reserved for the Commissioner," <u>id</u>., the ALJ's failure to discuss the consideration he gave them may warrant remand. <u>See e.g.</u>, <u>Bergeron v. Astrue</u>, Case No. 09-CV-070-SM, 2009 WL 3807156, at *5 (D.N.H. Nov. 10, 2009) (remanding where, among other things, ALJ failed to discuss treating physician's opinion that claimant was "incapacitated").  Because this case is remanded on other grounds, however, the court need not decide if remand for this particular failure is warranted.

As for the opinions expressed by claimant's social worker, who provided individual psychotherapy, she is not a "treating source" under the regulations.  <u>See</u> 20 C.F.R. §404.1513(a); § 404.1502.  Therefore, although the ALJ was required to consider her opinions, <u>Alcantara v. Astrue</u>, Case No. 07-1056, 2007 WL 4328148, at *2 (1st Cir. Dec. 12, 2007), he was not obligated to explain the consideration he gave them.  <u>See</u> <u>Alworden ex rel. K.L.A. v. Comm. of Soc. Sec.</u>, Case No. 09-cv-1040, 2011 WL 1118611, at *3 (W.D. Mich. Jan. 24, 2011).

16

III. <u>Claimant's Remaining Objections</u>

Claimant's additional arguments for reversal are not addressed in light of the remand.

## Conclusion

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 9) is granted and the Commissioner's motion to affirm his decision (document no. 13) is denied. The case is remanded for further proceedings in accordance with this order. Because this remand is made pursuant to sentence four of 42 U.S.C. § 405(g), the Clerk of Court is instructed to enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

May 20, 2011

cc:  Raymond J. Kelly, Esq.
     T. David Plourde, Esq.